UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
ALPHA CAPITAL ANSTALT,                  :
                                                                  :
         Plaintiff,                         :
                                                                  :
  - against -                                       :    1:11-cv-6458 (PAC)
                                                                  :
ADVANCED CELL TECHNOLOGY,         :    ORDER
INC.,                                                           :
                                                                  :
         Defendant.                        :
------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 31, 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

       In response to the Court's Order dated October 14, 2011, in which the Court granted Plaintiff Alpha Capital's ("Alpha") motion for a preliminary injunction against Defendant Advanced Cell Technology, Inc. ("ACTI"), the Court has received letters from third parties requesting permission to move to intervene pursuant to Federal Rule of Civil Procedure 24(a).

       On October 20, 2011, CAMOFI Master LDC and CAMZHN Master LDC Funds ("CAMOFI/CAMZHN") submitted a letter to the Court stating that they each hold convertible debentures and warrants for ACTI stock with anti-dilution provisions "substantially similar to the anti-dilution provisions in the securities held by Alpha." CAMOFI/CAMZHN also assert that because ACTI issued common stock to JMJ Financial in 2010 at less than $0.10 per share, they are now owed at least 130,795,594 shares of ACTI stock based on the terms of their warrants. CAMOFI/CAMZHN indicate in their letter that they also commenced a lawsuit against ACTI on October 13, 2011 in New York State Supreme Court to recover these shares allegedly owed to them by ACTI. CAMOFI/CAMZHN now seek permission to move to intervene in this case as a matter of right.

On October 27, 2011, the Court received a similar letter from Cranshire Capital Master Fund, Ltd. ("Cranshire"). Cranshire states that it "owns warrants that entitle it to purchase shares of common stock in ACTI," and that ACTI's issuance of shares to JMJ Financial "triggered anti-dilution provisions in Cranshire's warrants." Cranshire asserts that it is entitled to 12,680,095 shares of ACTI common stock and also seeks permission to move to intervene in this action as of right to protect its interest in those shares.

The Court will treat these letters as though the motions were made. Intervention as a matter of right is appropriate under Rule 24(a) when the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To intervene as a matter of right, a movant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Brennan v. New York City Bd. of Educ., 260 F.3d 123, 128-129 (2d Cir. 2001) (citation omitted).

In essence, CAMOFI/CAMZHN and Cranshire assert that they have overlapping interests with Alpha in the general pool of available and unissued ACTI shares, and that if the Court grants Alpha its requested relief, they may be unable to recover shares allegedly owed to them. This argument does not establish grounds for intervention as a matter of right. Neither CAMOFI/CAMZHN nor Cranshire has established an interest in the shares rightfully owed to Alpha; they argue only that awarding relief to Alpha may decrease their ability to collect on a potential judgment against ACTI in the future. This economic interest in the outcome of Alpha's litigation, without more, does not establish a cognizable interest under Rule 24(a) to justify

mandatory intervention. See, e.g., Neponset Landing Corp. v. Northwestern Mut. Life Ins. Co., No. 10 Civ.11963 (JGD), 2011 WL 2417128, at *4 (D. Mass. June 10, 2011) (citing Med Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007)). Were the rule otherwise, a plaintiff's suit "would give the right to intervene to all persons with potential claims against any party in the . . . suit on the ground that the outcome of the suit may decrease the collectability of their claim." Cont'l Ill. Nat. Bank & Trust Co. of Chicago v. Seltel, Inc., No. 85 Civ. 3430 (CSH), 1986 WL 10472, at *4 (S.D.N.Y. Sept. 17, 1986) (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court denies CAMOFI/CAMZHN and Cranshire's requests for mandatory intervention under Rule 24(a). The Court declines to exercise its discretion to allow permissive intervention under Rule 24(b) for substantially the same reasons.

Dated: New York, New York
October 2̸, 2011

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge